**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| ANTHONY KENNEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 09-CV-746-JHP-PJC |
| | ) | |
| CENTRAL STATES INDEMNITY | ) | |
| COMPANY OF OMAHA, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Before the Court is the issue of this Court's subject matter jurisdiction over the claims brought by Plaintiff Anthony Kenney individually. The Court has reviewed Kenney's Complaint [Docket No. 1], and it appears his claims against Defendant Central States Indemnity Company of Omaha stem from their alleged failure to pay benefits Plaintiff claims he is owed on an insurance policy as a result of his unemployment and disability claims. This Court considers the issue of subject matter jurisdiction *sua sponte* because the Court has a duty to consider the issue whenever it appears that subject matter jurisdiction may be lacking. Fed.R.Civ.P. 12(h)(3).

Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction. *Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005); *Penteco Corp. Ltd. Partnership – 1985A v. Union Gas System, Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991). Kenney has the burden to allege jurisdictional facts demonstrating the presence of federal subject matter jurisdiction. *McNutt v. Gen. Motors Acceptance Corp. of Ind., Inc.*, 298 U.S. 178, 182 (1936) ("It is incumbent upon the plaintiff properly to allege the jurisdictional facts, according to the nature of the case."); *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002) ("The burden of establishing subject-matter is on the party asserting jurisdiction."). The Court has an obligation to

consider whether subject matter jurisdiction exists, even if the parties have not raised the issue. The Tenth Circuit has stated that "[f]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" *Image Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir.2006).   In this case, the Plaintiff is proceeding *pro se* and, consistent with Supreme Court and Tenth Circuit precedent, this Court will construe his *pro se* pleadings liberally when considering the allegations of the Complaint. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002). Even liberally construing plaintiff's complaint, the Court finds that it has no basis to exercise subject matter jurisdiction over this case.

The addresses for the parties listed on Plaintiff's Complaint indicates that the Plaintiff resides in Tulsa, Oklahoma, while the Defendant's address is in Omaha, Nebraska. Assuming these are correct locations for each of the parties, the Plaintiff has shown the parties are diverse for purposes of 28 U.S.C. §1332. However, the Plaintiff fails to allege any amount in controversy in his Complaint. He states only that he is seeking reimbursement for the payments that the Defendant has failed to pay which Plaintiff claims were six payments in the amount of $500.00 each. As such, the Plaintiff has failed to allege an amount in controversy in excess of $75,000.00 for purposes or establishing diversity jurisdiction pursuant to §1332.

The Court has also considered whether the complaint states any basis for it to exercise federal question jurisdiction over Plaintiff's claims under 28 U.S.C. §1331. Plaintiff is seeking reimbursement from the Defendant insurance company for insurance benefits he feels have been improperly denied which is a matter arising under state law. Broadly construing the allegations of Plaintiff's complaint, the Court finds the complaint neither presents a federal question nor invokes

any other basis for federal subject matter jurisdiction. Pursuant to Fed.R.Civ.P. 12(h)(3), Plaintiff's case should be dismissed for lack of subject matter jurisdiction.

_____
James H. Payne
United States District Judge
Northern District of Oklahoma